**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-24589-CIV-ALTONAGA**

**JOSE ABRAHAM**
**RIVAS-PIMENTEL**,

      Petitioner,

v.

**TODD BLANCHE, UNITED STATES**
**ATTORNEY GENERAL**, *et al.*,

      Respondents.

_____/

**<u>ORDER</u>**

**THIS CAUSE** came before the Court on Petitioner, Jose Abraham Rivas-Pimentel's

Second Amended Petition for Writ of Habeas Corpus [ECF No. 9] and Motion for Immediate

Temporary Restraining Order and Preliminary Injunction [ECF No. 11], both filed on July 13,

2026.[1]   In the Motion, Petitioner seeks an order "preventing Respondents from removing or

---

[1] This is the second time counsel has improperly filed the Petition and Motion as a single docket event. (*See* Clerk's Notice to Filer [ECF No. 6] (notifying counsel that the First Amended Petition and initial Motion for Immediate Temporary Restraining Order and Preliminary Injunction [ECF No. 4] were improperly filed as one event when "more than one event was applicable to the document filed" and instructing counsel to "select all applicable events" in future filings); Clerk's Notice to Filer [ECF No. 12] (providing the same notice regarding the instant Second Amended Petition and Motion)); *see generally* CM/ECF Admin. P. § 3L (setting forth the procedures governing the selection of docket events).  Counsel also improperly filed the proposed order on the Motion as a separate docket entry [ECF No. 10] and failed to submit the Petition and Motion in text-searchable format.  (*See generally* Pet.; Mot.); *see* CM/ECF Admin. P. § 3I(6) (requiring a proposed order to be submitted as an attachment to the corresponding motion); *id.* § 3G(5) (requiring all documents to "be in text-searchable format").  Counsel shall carefully review and comply with the Court's CM/ECF Administrative Procedures in all future filings.

transferring [him] outside of the jurisdiction pending resolution of the Petition[.]"  (Mot. 13 (alterations added)).[2]  For the following reason, the Motion is denied.

Federal law provides "no court shall have jurisdiction to review . . . any decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General[.]"  8 U.S.C. § 1252(a)(2)(B)(ii) (alterations added).  Section 1231(g), within the same subchapter, provides "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."  *Id.* § 1231(g) (alteration added).  In short, the Court "lack[s] jurisdiction to enjoin [Respondents] from transferring [Petitioner] to another facility."  *Flores-Reyes v. Assistant Field Off. Dir.*, 2026 WL 406708, at *4 (S.D. Fla. Feb. 13, 2026) (alterations added); *see also Boulos v. Dir., U.S. DHS ICE ERO Miami Field Off.*, No. 25-cv-23792, 2025 WL 4092609, at *2 (S.D. Fla. Dec. 11, 2025) (noting "[a]s other courts in this district and across the country have found, 8 U.S.C. [section] 1252(a)(2)(B) and 8 U.S.C. [section] 1231(g)(1) strip the Court of jurisdiction 'to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General'" (alterations added; quoting *Guerra-Castro v. Parra*, No. 25-cv-22487, 2025 WL 1984300, at *2 (S.D. Fla. July 17, 2025))).[3]

The Court therefore lacks jurisdiction to issue the requested temporary restraining order. Because Petitioner seeks the same relief through a preliminary injunction (*see* Mot. 13–15, 17),

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[3] In any event, Petitioner supplies no factual basis for his assertion that he faces "imminent removal from the jurisdiction" (Mot. 14), thereby failing to "demonstrate that irreparable injury is *likely* in the absence of an injunction[,]" *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original; alteration added; citations omitted).

CASE NO. 26-24589-CIV-ALTONAGA/Reid

that request is denied for the same reasons. The Court will nevertheless direct a response to the Petition.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Petitioner, Jose Abraham Rivas-Pimentel's Motion for Immediate Temporary Restraining Order and Preliminary Injunction **[ECF No. 11]** is **DENIED**.

2. On or before **July 31, 2026**, Respondents shall file a memorandum of fact and law to show cause why the Second Amended Petition . . . **[ECF No. 9]** should not be granted and shall file all documents and transcripts necessary for resolution of the Petition. *See* 28 U.S.C. § 2243 (requiring a response to an order to show cause "be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

3. Counsel for Respondents is instructed to caption the response a "response" and not a "motion to dismiss."

4. Petitioner may file a reply within **seven (7) days** of Respondents' response.

**DONE AND ORDERED** in Miami, Florida, this 17th day of July, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

3